UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Parvin Olfati, | No. 2:22-cv-01127-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| County of Sacramento, et al., | |
| Defendants. | |

Plaintiff Parvin Olfati moves to amend the scheduling order to allow the parties to file discovery-related motions after the current deadline for fact discovery, now set to end on February 1, 2024. *See generally* Admin. Mot., ECF No. 29. She proposes a new deadline of June 17, 2024. *Id.* at 1. Defendants oppose the motion. *See generally* Opp'n, ECF No. 30. As explained in this order, Olfati has shown good cause to amend the scheduling order. The motion is **granted**.

Olfati alleges the Sacramento County Sheriff and other county employees retaliated against her for filing police reports, among other related allegations. *See, e.g.*, Joint Status Report at 2–7, ECF No. 21 (summarizing allegations). She filed her original complaint in state court in October 2021. *See generally* Compl., Not. Removal Ex. A, ECF No. 1-2. Defendants removed the action to this court in June 2022. *See generally id.* This court issued a Rule 16 scheduling order in December 2022. ECF No. 23. That order set a deadline for fact discovery on

1

February 1, 2024, a deadline for expert discovery on June 16, 2024 and a deadline for hearings on dispositive motions on August 9, 2024. *Id.*

Olfati sent defendants many interrogatories, requests for productions of documents, requests for admissions and other requests for written discovery over the following months. *See* Mastorakos Decl. ¶¶ 3–21, ECF No. 30-1. As early as the summer of last year, she came to the conclusion that defendants' responses had fallen short of their obligations under the Federal Rules. *See, e.g.*, Kamp Letter (July 31, 2023), Mastorakos Decl. Ex. A, ECF No. 30-1. Defendants had sometimes refused to respond on the basis of repetitive and hollow objections. For example, Olfati asked defendants to admit "County of Sacramento facilities were used to transmit" several emails defendants had produced in discovery, cited by Bates ranges. Admin. Mot. Ex. 2 at 3–4, ECF No. 29-2. Defendants objected to the request as "vague" and "ambiguous" based on the word "facilities" and argued the request called for "speculation as to the type and/or scope of information" she sought. *Id.* at 4. They refused to respond to her request to admit. *Id.* And, for example, when Olfati asked defendants to explain in an interrogatory the facts behind a policy cited in an email produced in discovery, defendants refused, in part based on the perplexing claim that the interrogatory quoted hearsay. *See id.* Ex. 3 at 3, ECF No. 29-3.

The parties met and conferred and resolved some disagreements about these responses, including in the first example explained in the paragraph above, and defendants supplemented their responses. *See id.* Ex. 2 at 4. The parties also continued efforts to resolve these discovery disputes informally, without either seeking relief from the court, but some disputes appear never to have been resolved. For instance, defendants stood by their objections in the second example cited above, and so have not offered a substantive response to the interrogatory. *See id.* Ex. 3 at 3. Olfati has not sought relief from the assigned Magistrate Judge, who would hear discovery disputes in the first instance under this district's local rules. *See* E.D. Cal. L.R. 302(c)(1). As summarized above, she now asks this court to amend its scheduling order to permit such a motion or continued informal discussions between the parties.

A pretrial scheduling order issued under Rule 16 "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This standard "primarily considers the

2

diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  As this court has observed in other cases, requests to amend a scheduling order "are more often granted when the opposing party's actions caused delay." *E.g.*, *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, No. 12-02182, 2015 WL 4910468, at *4 (E.D. Cal. Aug. 17, 2015) (citing *Orozco v. Midland Credit Mgmt. Inc.*, No. 12-02585, 2013 WL 3941318, at *3 (E.D. Cal. July 30, 2013)).  That may be true even if the moving party "could have been more diligent." *Id.* at *8.

Although Olfati could have sought relief from the Magistrate Judge before the current fact discovery deadline, she has shown she was reasonably diligent in attempting to resolve disagreements informally before the deadline but was stymied by defendants' sometimes questionable resistance.  The purpose of Rule 16 is, at bottom, "to get cases decided on the merits of issues that are truly meritorious and in dispute." *In re Phenylpropanolamine* (*PPA*) *Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006).  The court's goal is "to manage the cases . . . efficiently and effectively," not to enforce deadlines "mindlessly" and for no "good reason." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

The administrative motion (ECF No. 29) to extend the fact discovery deadline is **granted**:

- The discovery cutoff date is extended form February 1, 2024 to June 17, 2024, but only with respect to supplemental discovery responses, informal conferences about discovery disputes, and motions to compel discovery requests with due dates on or before February 1, 2024.
- All other dates and deadlines remain unchanged.

IT IS SO ORDERED.

DATED:  January 26, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE